**Before the**
**FEDERAL COMMUNICATIONS COMMISSION**
**Washington, D.C.  20554**

| | |
|---|---|
| In the Matter of | ) |
| | ) |
| ACA International's Petition For An | ) |
| Expedited Clarification And Declaratory | ) |
| Ruling | ) |
| | ) |
| | ) |

CG Docket No. 02-278

## VERIZON'S[1] COMMENTS IN SUPPORT OF ACA INTERNATIONAL'S PETITION FOR CLARIFICATION AND DECLARATORY RULING

ACA International's ("ACA") petition asks the Commission to clarify that the Commission's restrictions on using predictive dialers to call cell phones or similar devices, *see* 47 C.F.R. § 64.1200(a)(1)(iii), do not apply in the context of calls made to collect payment for products or services already received.  Many collections calls, however, already fall within an existing exception to the restriction on predictive dialer calls to cell phones:  the exemption for calls made with the "prior express consent" of the called party.  Therefore, regardless of the Commission's ruling on the ACA petition, the Commission should clarify the narrower issue of the proper application of the "prior express consent" exception.  The Commission has already held that willingly providing a contact number to a caller constitutes prior express consent to receive calls from that party.  The Commission should therefore confirm in this context that when a customer willingly gives a creditor his or her cell phone number where the customer can be reached regarding his or her account, the customer has provided "prior express consent" for

---

[1]     The Verizon companies participating in this filing ("Verizon") are the regulated, wholly owned subsidiaries of Verizon Communications Inc.

the creditor's use of that phone number.  As a result, the creditor or its collections agents may

properly use predictive dialers to call the customer regarding collections, even if the number

provided by the customer is assigned to a cell phone.  *See* 47 CFR § 64.1200(a)(1)(iii).

The Commission regulates the use of autodialers and predictive dialers pursuant to the

Telephone Consumer Protection Act of 1991 ("TCPA"), 47 U.S.C. § 227(b)(1)(A).  The TCPA

provides that:

> It shall be unlawful for any person in the United States . . . to make any call (*other than a call* made for emergency purposes or *made with the prior express consent of the called party*) using any automatic telephone dialing system or an artificial or prerecorded voice, . . . to any telephone number assigned to a . . . cellular telephone service . . . or any service for which the called party is charged for the call.

*Id.*, § 227(b)(1)(A)(iii) (emphases added).  The Commission subsequently adopted regulations

that mirror the language of the TCPA in restricting the use of automatic dialers.  *See* 47 C.F.R.

§ 64.1200(a)(1).[2]  The terms "automatic dialing systems" and "autodialers" are defined in the

TCPA and the Commission's regulations as equipment that can store or generate telephone

numbers and that can dial those numbers.  *See* 47 U.S.C. § 227(a)(1); 47 C.F.R. § 64.1200(f)(1).

In a 2003 Order, the Commission concluded that autodialers include "predictive dialers," which

are dialing machines that store pre-programmed telephone numbers or receive numbers from a

computer database, and then dial those numbers in a manner that maximizes efficiencies for call

---

[2]     Section 64.1200(a) provides, in pertinent part, that:

> (a)     No person or entity may:
> (1)     Initiate any telephone call (other than a call made for emergency purposes or made with the prior express consent of the called party) using an automatic telephone dialing system or an artificial or prerecorded voice, . . .
>> (iii)     To any telephone number assigned to a . . . cellular telephone service . . . .

centers. Predictive dialers are therefore included within the Commission's restrictions on autodialers, such as the restriction on autodialer calls to cellular telephone numbers. *See Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, 18 FCC Rcd 14014, ¶ 131-133 (2003).

ACA's petition seeks an order clarifying that the Commission's autodialer restrictions do not apply to calls by and on behalf of creditors seeking to recover payments, such that creditors and collections agents may use predictive dialers to call collections customers on their cell phones. *See ACA Petition*, CG Docket No. 02-278, at 20-21 (filed Oct. 5, 2005). Regardless of whether all collections calls are exempted from the autodialer restrictions, the Commission should recognize that many collections calls to cell phones are directed to wireless phone numbers that were willingly provided by the customer as numbers where the customer can be reached regarding the account.

For example, Verizon will make collections calls to a customer's cell phone number *only* if that number has been willingly given to Verizon by the customer. Verizon, like all consumer product or services companies, is faced with the risks associated with uncollected payments for services rendered. One way that Verizon manages this risk is to obtain credit information from each of its customers, including information about how to reach the customer. Because the majority of Verizon's communications with customers about collections occurs over the phone, Verizon asks customers to provide one or more "can be reached" telephone numbers where Verizon can reach the customer to discuss the account. In many cases, customers respond by providing their cell phone number. In the event that the account later becomes past due, Verizon contacts the customer using the "can be reached" numbers provided by the customer. Verizon will not use any telephone number, including a cell phone number, unless it was provided

willingly by the customer and it is a telephone number for which the customer is the account holder. *See Decl.* ¶ 6.[3]

The Commission has already recognized that a telephone subscriber who releases his or her telephone number has, in effect given prior express consent to receive calls from the entity to which the number was released. For example, in its 1992 Order initially implementing the TCPA, the Commission addressed commenters' concerns that callers might be subjected to liability for placing autodialed calls to individuals who provided a number at one of the "prohibited destinations" (including a wireless phone) as the number at which that individual could be reached. *See Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, 7 FCC Rcd 8752, ¶ 29 (1992) ("*1992 Order*"). The Commission first noted that the TCPA, as well as the Commission's regulations, permit autodialed calls if the called party expressly consents to their use. *Id.* The Commission then went on to explain that "[i]f a call is otherwise subject to the prohibitions of § 64.1200, *persons who knowingly release their phone numbers have in effect given their invitation or permission to be called at the number which they have given*, absent instructions to the contrary." *Id.* (emphasis added). As a result, "*telemarketers will not violate our rules by calling a number which was provided as one at which the called party wishes to be reached*." *Id.* At the same time, the Commission emphasized that a caller does not have the called party's "prior express consent" if the called party's telephone number is obtained through other means, such as a Caller ID device: "[i]f a caller's number is 'captured' by a Caller ID or an ANI device without notice to the residential telephone subscriber, the caller cannot be considered to have given an invitation or permission to receive autodialer or prerecorded voice message calls." *Id.*

---

[3]     Declaration of Marcia T. Johnston ("*Decl.*"), attached hereto as Attachment A.

Although the Commission's 1992 Order focused specifically on "telemarketers" that call "a number which was provided as one at which the called party wishes to be reached," *id.* ¶ 31, the autodialer restrictions in the TCPA and the Commission's rules apply to any "person" placing a call using an autodialer. *See* 47 U.S.C. § 227(b)(1)(A); 47 C.F.R. § 64.1200(a)(1). The same interpretation of "prior express consent" should apply to any caller, whether the caller is a telemarketer or a creditor. Indeed, the evidence of consent is even stronger in the collections context, where the caller and the called party have a preexisting relationship based on the transaction that gave rise to the debt.

The Commission should therefore confirm that its prior statements explaining the prior express consent exception do not apply only to telemarketers. Rather, when a customer has willingly provided his or her cell phone number to a creditor, the customer has given prior express consent within the meaning of the autodialer rules. As such, the creditor or its collection agents may permissibly use a predictive dialer to call that wireless phone number to contact the customer. Predictive dialers are a valuable tool in the collections process because they can be programmed to call the particular customers with outstanding amounts due, making efficient use of collections callers' time and reducing labor costs, which in turn reduces costs to consumers. *See Decl.* ¶ 5. The Commission should confirm that willingly giving a creditor one's cell phone number as a "can be reached" number constitutes "prior express consent" for the creditor's use of that phone number within the meaning of the Commission's predictive dialer rules. *See* 47 U.S.C. § 227(b)(1)(A); 47 C.F.R. § 64.1200(a)(1). At the same time, the Commission should confirm that if a creditor or its collection agents obtain a customer's cell phone number through other means, such as Caller ID equipment or a wireless directory service, the customer has not provided consent to receive cell phone calls. *See 1992 Order* ¶ 31.

5

These clarifications proposed by Verizon would not implicate the concerns raised by opponents of ACA's petition. For example, some commenters have asserted that companies can obtain cell phone numbers through wireless directories or other businesses, and thus will be permitted to use autodialers to call customers who have not willingly provided their cell phone number.[4] Commenters have also raised concerns about autodialer calls to the customers' employers, friends, and family.[5] However, the limited order proposed by Verizon would clarify only that customers that provide their cell phone number as a "can be reached" number have provided their prior express consent within the meaning of the autodialer rules. As the Commission recognized in its 1992 Order, if the caller obtains the called party's phone number from sources other than the called party, the customer "cannot be considered to have given an invitation or permission to receive autodialer or prerecorded voice message calls," and the "prior express consent" exception would not apply. *1992 Order* ¶ 31. This reasoning would continue to prohibit predictive dialer calls to third parties, such as employers, friends, and family members, who have not willingly given their cell phone number to the creditor and thus have not "given [an] invitation or permission" to receive autodialer calls. *See id.*

Other commenters have raised concerns about harassing telephone tactics allegedly used by some collection agencies, such as false claims of debt and abusive language.[6] The Commission's autodialer restriction, however, does not address this conduct. Abusive collections calling tactics are, and would continue to be, actionable under other state and federal

---

[4]     *See, e.g.*, Comments of Joe Shields, CG Docket No. 02-278, at 7 (filed Apr. 24, 2006).

[5]     *See, e.g.*, Comments of Walter C. Oney, Jr., CG Docket No. 02-278, at 5 (filed Apr. 21, 2006).

[6]     *See, e.g.*, Comment of the National Consumer Law Center, CG Docket No. 02-278, at 1-2 (filed Apr. 13, 2006).

laws that address harassing or threatening telephone calls and debt collection activities.  *See, e.g.*, 15 U.S.C. § 1692 *et seq*. (Fair Debt Collection Practices Act).  The ruling proposed by Verizon would merely confirm that the act of using a predictive dialer to call a cell phone would not, in itself, be prohibited, as long as the customer had indicated his or her consent to receive calls by giving the creditor the cell phone number.

## CONCLUSION

For the foregoing reasons, the Commission should confirm that willingly giving any caller – including a creditor – one's cell phone number as a "can be reached" number constitutes "prior express consent" for the caller's use of that phone number within the meaning of the Commission's predictive dialer rules.

Respectfully submitted,

_____/S/_____

Michael E. Glover
*Of Counsel*

Edward Shakin
Amy P. Rosenthal
1515 N. Court House Road
Suite 500
Arlington, VA 22201-2909
703.351.3175
*Counsel for Verizon*

Date:  May 11, 2006

## DECLARATION OF MARCIA T. JOHNSTON

1.      My name is Marcia Johnston. I submit this Declaration in support of Verizon's comments in response to ACA International's petition for clarification and declaratory ruling. My business address is 1717 Arch Street, Philadelphia, Pennsylvania. I have been employed by Verizon and its predecessor companies for approximately 26 years. I currently serve as a Director in Verizon's Receivables Management organization. In that capacity, I am responsible for credit and collection strategy development, implementation and analysis for Business and Residential customer segments. This includes front end credit screening for new customer acquisitions, targeting/treatment and collection of current customers with past due accounts, and recovery of final bills. Prior to my current assignment, I have held various financial, operations, product line management, regulatory and business development positions at Verizon.

2.      The primary activity of Verizon's Receivables Management group is attempting to recover payments on overdue bills. Verizon, like all consumer product or services companies, is faced with the risks associated with uncollected payments for services rendered.

3.      One way that Verizon manages this risk is to obtain credit information from each of its customers, including information about how to reach the customer. Because the majority of Verizon's communications with customers about collections occurs over the phone, Verizon asks customers to provide one or more telephone numbers where Verizon can reach the customer to discuss the account. For example, when a new customer contacts Verizon to set up a new account, Verizon asks whether there is another telephone number where Verizon may reach the customer regarding his or her account. Frequently, the customer responds by providing his or her cell phone number. Verizon records the telephone number or numbers provided, the type of telephone number provided (such as cell phone or work number), and whether the customer is

1

the person responsible for the number. If the customer is the person responsible for the number, Verizon refers to the number as a "can be reached" number. Any other numbers provided by the customer, such as a work number or a neighbor's number, are referred to as "alternate" numbers. As a result, in many cases, the only "can be reached" number for a particular customer will be his or her cell phone number.

4.      Customer-provided "can be reached" numbers are an important tool in Verizon's collections efforts. In the event that the customer's account later becomes past due, Verizon or its collection agents will contact the customer using his or her "can be reached" numbers. Many collections customers no longer have landline telephone service with Verizon and Verizon can no longer reach the customer using his or her Verizon telephone number. A "can be reached" number may therefore be the only way that Verizon can contact the customer.

5.      Predictive dialers are also an important tool in Verizon's collections efforts, because they can be programmed to dial the particular "can be reached" numbers of customers with outstanding amounts due. Using predictive dialers reduces Verizon's collections costs, by making efficient use of collections callers' time and reducing labor costs, which in turn reduces costs to consumers. Predictive dialers can also assist Verizon in complying with other calling rules, such as by automatically limiting calls to permissible calling hours for each area code and by eliminating dialing errors.

6.      For these reasons, Verizon uses predictive dialers to make collections calls when permitted by the Commission's rules. Neither Verizon nor its collection agents will use a predictive dialer to call any telephone number unless it was provided willingly by the customer and the customer is the person responsible for the number.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

May 8, 2006

Marcia T. Johnston

3