# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Ronald A. Guzman | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 12 C 5147 | **DATE** | 10/18/2012 |
| **CASE TITLE** | *Martin v. Cellco Partnership d/b/a Verizon Wireless, et al.* | | |

**DOCKET ENTRY TEXT**

For the reasons stated below, Verizon's motion to dismiss Counts VI and VII [20-1] is denied and Plaintiff's motion to voluntarily dismiss Count VIII is granted.

■[ For further details see text below.]                                             Docketing to mail notices.

---

# STATEMENT

      Nicholas Martin brought suit against Cellco Partnership d/b/a Verizon Wireless ("Verizon") and others for violations of the Telephone Consumer Protection Act ("TCPA").[1]  Verizon moves to dismiss the claims against it.  For the reasons stated below, the motion to dismiss as to Counts VI and VII is denied and Plaintiff's motion to voluntarily dismiss Count VIII, the declaratory judgment count, is granted.

## A.     Background

      On February 12, 2011, Plaintiff entered into a wireless telephone contract with Verizon then canceled it on March 9, 2011.  (Dkt. #1, Compl. ¶¶ 10-13.)  Plaintiff sent a payment with the cancellation notice for the amount he owed under the contract as well as revocation of consent to call his cell phone number.  (*Id.* ¶ 15, 18.)  Verizon then sent Plaintiff a bill that included an early termination fee, a restocking fee, fees for services used, and other taxes and charges.  (*Id.* ¶ 19.)  According to Plaintiff, the fees charged by Verizon in its follow-up bill were not part of their agreement.  (*Id.*)

      Plaintiff did not pay the bill and Verizon assigned the debt to three different collection agencies: Vantage Sourcing, LLC ("Vantage"), Miracle Financial, Inc. and Credit Bureau of Napa County d/b/a Chase Receivables ("Chase") (*Id.* ¶¶ 21, 48, 59.)  The agencies attempted to collect the debt either through calls to Plaintiff's cell phone or by letter.  (*Id.* ¶¶ 28, 37, 50, 64.)  Plaintiff has brought suit against Vantage, Chase and Verizon for violations of the TCPA based on collection calls to his cell phone.[2]

      The complaint contains eight counts but only three are at issue in the instant motion to dismiss by Verizon:  Count VI, which alleges TCPA violations against Verizon and Vantage; Count VII, which alleges violations of the TCPA against Verizon and Chase; and Count VIII, which seeks a declaration that Plaintiff does not owe any debt to Verizon.

**STATEMENT**

**B.     Analysis**

Verizon claims the TCPA claims against it must fail because it cannot be held liable for automated dunning calls placed by Vantage and Chase to Plaintiff's cell phone.  47 U.S.C. § 227(b)(1)(A)(iii) ("It shall be unlawful for any person within the United States . . . to *make* any call . . . using any automatic telephone dialing system . . . .") (emphasis added).  According to Verizon, while it may be held vicariously liable for such calls, Plaintiff does not allege that Verizon exercised or retained the right to control the manner in which Vantage or Chase made the alleged phone calls.  *Thomas v. Taco Bell Corp*., --- F. Supp. 2d ----, 2012 WL 3047351, at *6 (C.D. Cal. Jun. 25, 2012).  But the *Thomas* case is unhelpful in analyzing the current motion to dismiss because that case was decided on summary judgment.

In addition, the *Thomas* court addressed Taco Bell's liability in the context of a tort-based vicarious liability analysis.  However, as noted by Plaintiff, the Federal Communications Commission ("FCC") has ruled that a creditor is responsible for calls made on its behalf.  In *In re Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, 23 FCC Rcd. 559 ¶ 10 (Jan. 4, 2008) ("2008 TCPA Order"), the FCC stated that:

> Similarly, a creditor on whose behalf an autodialed or prerecorded message call is made to a wireless number bears the responsibility for any violation of the Commission's rules.  Calls placed by a third party collector on behalf of that creditor are treated as if the creditor placed the call.

Verizon contends that the 2008 TCPA Order is inapplicable because it did not address the issue of vicarious liability in the context of this matter.  But the 2008 TCPA Order appears to impose a strict liability standard on creditors who farm their debts out to third-party debt collectors.  *See, e.g., Soppet v. Enhanced Recovery Co., LLC*, 679 F.3d 637, 642 (7th Cir. 2012) (stating that as between a bill collector and a creditor, "[i]ndemnity may be automatic under ¶ 10 of the 2008 TCPA Order, which states that calls placed by a third-party collector on behalf of a creditor are treated as having been made by the creditor itself").  The paragraph in which this statement is made addresses the concept of prior express consent and states that "[t]o ensure that creditors and debt collectors call only those customers who have consented to receive autodialed and prerecorded message calls, we conclude that the creditor should be responsible for demonstrating that the consumer provided prior express consent."  (2008 TCPA Order, ¶ 10.)  It then goes to make the statement quoted above.  On the current record, the Court can discern no reason why the statement in the 2008 TCPA Order is inapplicable to the instant case.

While the Court cannot definitively state at this stage of the litigation that Verizon is liable, neither will the Court dismiss the TCPA claims against Verizon at this time.  Thus, the motion to dismiss Counts VI and VII against Verizon is denied.

**C.     Conclusion**

Verizon's motion to dismiss Counts VI and VII [20-1] is denied and Plaintiff's motion to voluntarily dismiss Count VIII is granted.

1.  According to Verizon, Martin has filed approximately 30 similar lawsuits since 2008. (Verizon's Mot., Dkt. # 20, at 1 n.1.)

2.  Plaintiff also sued Miracle Financial but voluntarily dismissed the suit on July 20, 2012, and on July 30, 2012, filed a separate lawsuit, through counsel, naming Miracle Financial as the only defendant.