**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| NICHOLAS MARTIN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | No. 12-cv-5147 |
| CELLCO PARTNERSHIP d/b/a VERIZON ) | |
| WIRELESS, VANTAGE SOURCING, LLC, ) | Judge Ronald A. Guzman |
| MIRACLE FINANCIAL, INC., and CREDIT ) | |
| BUREAU OF NAPA COUNTY, INC. d/b/a ) | |
| CHASE RECEIVABLES, ) | |
| ) | |
| Defendants. ) | |

**AGREED MOTION FOR ENTRY OF STIPULATION PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 29**

Plaintiff Nicholas Martin ("Plaintiff"), *pro se*, and Defendants Cellco Partnership d/b/a Verizon Wireless ("Verizon") through its attorneys Arnstein & Lehr, LLP, and Vantage Sourcing, LLC through its attorneys Gozdecki, Del Giudice, Americus & Farkas, LLP (collectively the "Parties"), move this Court for the entry of an order approving the attached stipulation pursuant to Federal Rule of Civil Procedure 29. In support thereof, the Parties state as follows:

1. Plaintiff filed this action against Verizon, Vantage Sourcing, LLC, Miracle Financial, Inc. and Credit Bureau of Napa County, Inc. d/b/a Chase Receivables[1] on June 27, 2012, asserting violations of the Fair Debt Collection Practices Act and the Telephone Consumer Protection Act. (ECF No. 1.)

---

[1] Plaintiff voluntarily dismissed Miracle Financial from this case on July 20, 2012. (ECF No. 13.) Credit Bureau of Napa County, Inc. has failed to answer or otherwise appear and was held in default on August 7, 2012. (ECF No. 19.)

2. Verizon filed a motion to dismiss which this Court recently denied on October 18, 2012. (ECF No. 30.) Vantage Sourcing, LLC has filed an Answer to the Complaint. (ECF No. 23.)

3. On September 12, 2012, this Court entered the following discovery schedule: amended pleadings and joinder of parties to be completed by October 31, 2012, fact discovery to close on January 28, 2013, Plaintiff's expert disclosures to be made by February 28, 2013, and Defendants' expert disclosures to be made by April 25, 2013. (ECF No. 26.)

4. On September 24, 2012, Plaintiff propounded written interrogatories, requests to produce documents and requests to admit facts on Verizon. Additionally, on September 26, 2012, Plaintiff propounded written interrogatories, requests to produce documents and requests to admit facts on Vantage Sourcing, LLC.

5. On October 17, 2012, Defendant Vantage Sourcing, LLC propounded written interrogatories and requests to produce documents on Plaintiff and requests to produce documents on Defendant Verizon.

6. Subsequent to the issuance of Plaintiff's formal discovery, the Parties agreed to participate in a settlement conference in front of Magistrate Judge Sheila Finnegan in an attempt to resolve Plaintiff's claims.[2] Accordingly, the Parties have agreed and stipulated that the deadline to answer all outstanding written discovery will be extended to a date thirty days after the settlement conference.

7. Federal Rule of Civil Procedure 29 states:

> Unless the court orders otherwise, the parties may stipulate that:
> ***

---

[2] A date has not yet been set for the settlement conference. The Parties are currently cooperating to choose a mutually agreeable date.

(b) other procedures governing or limiting discovery be modified—but a stipulation extending the time for any form of discovery must have court approval if it would interfere with the time set for completing discovery, for hearing a motion or for trial.

8. Pursuant to Rule 29, the Parties stipulate that any and all responses to discovery served prior to the stipulation are extended to a date thirty days after the settlement conference is concluded. However, because such a stipulation may affect the overall discovery schedule entered by this Court on September 12, 2012, the Parties jointly, or one of them, may, at a later date, bring a motion to extend the discovery deadlines subject to this Court's approval. Therefore, the Parties seek the Court's approval for this stipulation.

WHEREFORE, the Parties respectfully request that this Court enter an order approving the attached stipulation.

Respectfully submitted,

| /s/ Nicholas Martin | /s/ Elizabeth Thompson | /s/ Rick Del Giudice |
|---|---|---|
| Nicholas Martin | Elizabeth Thompson | Rick Del Giudice |
| *Pro Se* | Hal Morris | Dean Kalant |
| PO Box 4030 | ARNSTEIN & LEHR LLP | GOZDECKI, DEL GIUDICE, |
| Chicago, IL 60654-4030 | 120 South Riverside Plaza | AMERICUS & FARKAS LLP |
| (312) 725-9103 | Suite 1200 | 1 East Wacker |
| **Plaintiff** | Chicago, Illinois 60606-3910 | Suite 1700 |
| | Phone: 312.876.7833 | Chicago, IL 60601 |
| | Fax: 312.876.0288 | Phone: 312-782-5010 |
| | **Counsel for Defendant** | Fax: 312-782-4324 |
| | **Cellco Partnership** | **Counsel for Defendant** |
| | | **Vantage Sourcing, LLC** |

It is hereby stipulated and agreed by and between the Plaintiff, Nicholas Martin, *pro se*, and Defendants Cellco Partnership d/b/a Verizon Wireless through its attorneys Arnstein & Lehr, LLP and Vantage Sourcing, LLC through its attorneys Gozdecki, Del Giudice, Americus & Farkas, LLP, that pursuant to Federal Rule of Civil Procedure 29, any and all responses to discovery served prior to this stipulation are extended to a date thirty days after the settlement conference is concluded, to answer, object, or otherwise respond.

| /s/ Nicholas Martin<br>Nicholas Martin<br>*Pro Se*<br>PO Box 4030<br>Chicago, IL 60654-4030<br>(312) 725-9103<br>**Plaintiff** | /s/ Elizabeth Thompson<br>Elizabeth Thompson<br>Hal Morris<br>ARNSTEIN & LEHR LLP<br>120 South Riverside Plaza<br>Suite 1200<br>Chicago, Illinois 60606-3910<br>Phone: 312.876.7833<br>Fax: 312.876.0288<br>**Counsel for Defendant Cellco Partnership** | /s/ Rick Del Giudice<br>Rick Del Giudice<br>Dean Kalant<br>GOZDECKI, DEL GIUDICE, AMERICUS & FARKAS LLP<br>1 East Wacker<br>Suite 1700<br>Chicago, IL 60601<br>Phone: 312-782-5010<br>Fax: 312-782-4324<br>**Counsel for Defendant Vantage Sourcing, LLC** |
|---|---|---|

- 5 -

**Certificate of Service**

      The undersigned, an attorney, certifies that she caused the foregoing Agreed Motion for Entry of Stipulation Pursuant to Federal Rule of Civil Procedure 29 to be served by electronic mail, pursuant to the election to receive notice of filings through e-mail, on Nicholas Martin, at n.m.martin@hotmail.com, and that she electronically filed the same with the Clerk of Court by using the CM/ECF system, which sent notification of such filing to all parties of record, on or before 5:00 p.m. on October 22, 2012.

                                        /s/ Elizabeth A. Thompson