# ARNSTEIN & LEHR LLP
ATTORNEYS AT LAW SINCE 1893

120 South Riverside Plaza · Suite 1200
Chicago, Illinois 60606
Phone 312.876.7100 · Fax 312.876.0288
www.arnstein.com

Elizabeth A. Thompson
312.876.7833
EAThompson@arnstein.com

October 12, 2012

**VIA ELECTRONIC MAIL**

Rick Del Giudice
Gozdecki, Del Giudice, Americus & Farkas LLP
1 East Wacker, Suite 1700
Chicago, Illinois 60601

Re: *Martin v. Cellco Partnership, et al.*, Case Number 12-cv-5147

Dear Mr. Del Giudice:

As you know, we represent Cellco Partnership d/b/a Verizon Wireless ("Verizon") in the above matter and have been discussing the subject matter of this letter with Dean Kalant. The complaint filed by Mr. Nicholas Martin alleges, among other things, that Verizon assigned Mr. Martin's debt to your client, Vantage Sourcing, LLC, for collection. (Compl. ¶ 21.) Furthermore, Mr. Martin alleges that Vantage Sourcing used a predictive dialer in an attempt to collect this debt in violation of the Telephone Consumer Protection Act ("TCPA"). (Id. ¶¶ 23-26, 91.) Mr. Martin is attempting to hold both Vantage Sourcing and Verizon liable under the TCPA for the calls made by Vantage Sourcing.

The relationship between Verizon and Vantage Sourcing is governed by the Master Agreement between the parties, signed by Scott Stanford of Vantage Sourcing on March 27, 2006. That Agreement states, in pertinent part:

> Company shall defend, indemnify and hold harmless Verizon Wireless, its parents, subsidiaries and affiliates, and its and their respective directors, officers, partners, employees, agents, successors and assigns ("Indemnified Parties") from any claims, demands, lawsuits, damages, liabilities, expenses (including, but not limited to, reasonable fees and disbursements of counsel and court costs), judgments, settlements and penalties of every kind ("Claims"), that may be made: ... (c) by anyone in connection with or based upon Services (including products furnished hereunder) provided by Company and its subcontractors, if any, or contemplated by this Agreement, including Claims regarding the adequacy of any disclosures, instructions or warnings related to any such Services; and (d) under any federal securities laws or under any other statute, at

CHICAGO    HOFFMAN ESTATES    SPRINGFIELD    MILWAUKEE
FORT LAUDERDALE    MIAMI    TAMPA    WEST PALM BEACH    BOCA RATON
Arnstein & Lehr LLP is a member of the International Lawyers Network


EXHIBIT B

ARNSTEIN & LEHR LLP
Rick Del Giudice
October 12, 2012
Page 2

> common law or otherwise arising out of or in connection with the performance by Company contemplated by this Agreement or any information obtained in connection with such performance. The foregoing indemnification shall apply whether Company or an Indemnified Party defends such Claim and whether the Claim arises or is alleged to arise out of the sole acts or omissions of the Company (and/or any subcontractor of Company) or out of the concurrent acts or omissions of Company (and/or any subcontractor of Company) and any Indemnified Parties. Company further agrees to bind its subcontractors, if any, to similarly indemnify, hold harmless, and defend the Indemnified Parties.

Additionally, the first amendment to the Master Agreement states:

> Supplier and all approved subcontractors shall comply with the provisions of all applicable federal, state, county and local laws, ordinances, regulations, rules, codes and orders (collectively "law") in performance of this Agreement, including but not limited to any laws pertaining to employment of labor, hours of labor, health and safety, payment of wages, payment of taxes, employment eligibility status and verification (I-9), and the safeguarding, protection, and disposal of personal or similar information used, maintained, and/or accessed on Verizon's behalf... Supplier and any approved subcontractor shall indemnify and hold Verizon harmless against all Claims (as defined in Section 22, Indemnification) arising out of or related to such noncompliance.

In light of the allegations of the Complaint and the terms of the Master Agreement and its amendment (which we assume you and your client have but can be made available to you upon request), Verizon looks to Vantage Sourcing to fulfill its contractual obligations to protect, indemnify and hold Verizon harmless. Accordingly, Verizon demands that Vantage Sourcing protect the interests of Verizon Wireless by settling Count VI of this case on Verizon's behalf and by indemnifying Verizon for all costs and attorneys' fees expended in defending this matter.

We further request that you either confirm that Vantage Sourcing's insurers have been tendered Verizon's defense/indemnity or that you put Vantage Sourcing's insurance carrier on notice of this claim, tender this claim to Vantage Sourcing's insurer on behalf of Verizon, and demand that the insurer provide coverage to Verizon directly. We note, however, that Vantage Sourcing has the primary obligation to Verizon, and should its carrier fail to fully defend, protect, indemnify and hold Verizon harmless, Verizon will look to Vantage Sourcing in this regard.

ARNSTEIN & LEHR LLP
Rick Del Giudice
October 12, 2012
Page 3

      We look forward to Vantage Sourcing's cooperation in resolving this matter. Please contact me to discuss further.

                              Very truly yours,

                              Elizabeth A. Thompson

EAT:mmw
cc:    Dean Kalant
       Hal R. Morris
       Verizon Wireless