# ARNSTEIN & LEHR LLP
ATTORNEYS AT LAW SINCE 1893

120 South Riverside Plaza · Suite 1200
Chicago, Illinois 60606
Phone 312.876.7100 · Fax 312.876.0288
www.arnstein.com

Elizabeth A. Thompson
312.876.7833
EAThompson@arnstein.com

October 16, 2012

**VIA ELECTRONIC MAIL**

John J. Rock
Rock Fusco & Connelly LLC
321 North Clark Street
Chicago, Illinois 60654

Re: *Martin v. Cellco Partnership, et al.*, Case No. 12-cv-5147

Dear Mr. Rock:

As you know, we represent Cellco Partnership d/b/a Verizon Wireless ("Verizon") in the above matter. The complaint filed by Mr. Nicholas Martin alleges, among other things, that Verizon assigned Mr. Martin's debt to your client, Credit Bureau of Napa County d/b/a Chase Receivables ("Chase"), for collection. (Compl. ¶ 58.) Furthermore, Mr. Martin alleges that Chase used a predictive dialer in an attempt to collect this debt in violation of the Telephone Consumer Protection Act ("TCPA"). (Id. ¶¶ 60-63, 98.) Mr. Martin is attempting to hold both Chase and Verizon liable under the TCPA for the calls made by Chase.

The relationship between Verizon and Chase is governed by the Agreement for Collection Agency Services between the parties, signed by Fred Merrill of Chase on September 26, 2007 (enclosed herein). That Agreement states, in pertinent part:

> Supplier shall defend, indemnify and hold harmless Verizon, its parents, subsidiaries and Affiliates, and its and their respective directors, officers, partners, employees, agents, successors and assigns ("Indemnified Parties") from and against any claims, demands, lawsuits, damages, liabilities, loss, costs or expenses (including, but not limited to, reasonable fees and disbursements of counsel and court costs), judgments, settlements and penalties of every kind ("Claims"), that may be made:... (iii) by anyone in connection with or based upon Services provided by Supplier and its subcontractors, if any, or contemplated by this Agreement, including Claims regarding the adequacy of any disclosures related to any such Services; and (iv) under any federal securities laws or under any other statute, at common law or otherwise arising out of or in connection with the performance of Services by Supplier contemplated by this Agreement or any information obtained in


EXHIBIT D

**ARNSTEIN & LEHR LLP**
John J. Rock
October 16, 2012
Page 2

> connection with such performance of Services. The foregoing indemnification shall apply whether the Claim arises or is alleged to arise out of the sole acts or omissions of the Supplier (and/or any subcontractor of Supplier) or out of the concurrent acts or omissions of Supplier (and/or any subcontractor of Supplier) and any Indemnified Parties. Supplier further agrees to bind its subcontractors, if any, to similarly indemnify, hold harmless, and defend the Indemnified Parties.

Additionally, the agreement states:

> Supplier and any subcontractors shall comply with the provisions of all applicable federal, state, county and local laws, ordinances, regulations, rules, codes and orders (collectively "law") in performance of this Agreement. Such law shall include, but not be limited to: laws pertaining to employment of labor, hours of labor, health and safety, and payment of wages; payment of taxes; the Fair Debt Collection Practices Act; the Fair Credit Reporting Act; the Electronic Fund Transfers Act; state and local laws regarding the collection of debt or reporting of same; the NACHA Operating Rules, any operating rules of any credit card association; the Payment Card Industry (PCI) Compliance Standards, and laws pertaining to the safeguarding, protection and disposal of personal or similar information used, maintained and/or accessed on Verizon's behalf, such as California Civil Code Section 1798.82 and the Fair and Accurate Credit Transactions Act of 2003, P.L. 108-159.... Supplier shall indemnify and hold Verizon harmless from all claims, losses, fines or penalties, including reasonable attorneys' fees, arising out of or related to non-compliance with this paragraph.

In light of the allegations of the Complaint and the terms of the Agreement, Verizon looks to Chase to fulfill its contractual obligations to protect, indemnify and hold Verizon harmless. Accordingly, Verizon demands that Chase protect the interests of Verizon Wireless by settling Count VII of this case on Verizon's behalf and by indemnifying Verizon for all costs and attorneys' fees expended in defending this matter.

We further request that you either confirm that Chase's insurers have been tendered Verizon's defense/indemnity pursuant to the tender letter that Verizon sent on August 29, 2012 (enclosed herein) or that you put Chase's insurance carrier on notice of this claim, tender this claim to Chase's insurer on behalf of Verizon, and demand that the insurer provide coverage to Verizon directly. We note, however, that Chase has the primary obligation to Verizon, and should its carrier fail to fully defend, protect, indemnify and hold Verizon harmless, Verizon will look to Chase in this regard.

## ARNSTEIN & LEHR LLP

John J. Rock
October 16, 2012
Page 3

We look forward to Chase's cooperation in resolving this matter. Please contact me to discuss further.

                                         Very truly yours,

                                         Elizabeth A. Thompson

EAT:mmw
Enclosure
cc:    Cory Anderson
        Hal R. Morris
        Verizon Wireless